UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

JUAN GARNIER,

        Plaintiff,

v.

THE UNITED STATES OF AMERICA and
CATALDO AMUBULANCE COMPANY,

        Defendants.

No. 1:19-CV-11217-PBS

**REPORT AND RECOMMENDATION ON MISCELLANEOUS MOTIONS**

CABELL, U.S.M.J.

**Introduction**

*Pro se* plaintiff Juan Garnier has brought a suit for negligence against a number of health care professionals he interacted with at different times during October and November 2018.  He initiated the case in state court but the United States of America is a defendant and subsequently removed the matter to federal court.  The parties have filed 11 motions between them, including the government's motion to dismiss any claims against it for lack of jurisdiction.  All of the motions have been referred to this court for consideration.  For the reasons explained below, I recommend that the government's motion to dismiss be <u>granted</u>.  Because removing the United States as a party would divest the court of subject matter jurisdiction over the remaining claims, I

1

recommend further that the remaining motions be <u>denied</u> as moot and that the case be <u>remanded</u> to the state court.

**Relevant Facts**

The complaint alleges the following facts.

The plaintiff suffers from severe major depressive disorder, severe bipolar I disorder, and PTSD.  He also has pronounced back problems and underwent a spinal fusion shortly before the incidents giving rise to his complaint.

Prior to the incidents underlying the complaint, Garnier regularly saw a primary care physician and a psychiatrist at a facility called Fenway Health (Fenway).  On October 1, 2018, he visited Fenway's emergency room for suspected food poisoning but saw a physician other than one of his regular doctors.  Tensions arose and the physician slapped and scratched Garnier's hand.

Garnier's PCP intervened and instructed Garnier to leave and return the following day.  Garnier claims he was subject to ridicule by other Fenway employees while waiting to schedule an appointment with his PCP and had to go to another hospital to receive treatment for his food poisoning.

Although Garnier returned to Fenway apparently without incident, he received a call or calls from Fenway's medical director, Dr. Gonzales, on October 9 or 10, 2018.  Dr. Gonzales tried to coerce Garnier to sign a document stating he hallucinated the emergency room incident and that he would not bring any legal

action against Fenway.  Garnier says he was too disoriented by his medications to sign anything.  Dr. Gonzales then told Garnier he was banned from Fenway and police would be called if he tried to return.

Dr. Gonzales sent Garnier a letter on October 22, 2018 (appended to the complaint), stating that several staff members had overheard or witnessed his behavior on October 1, that it made them feel unsafe, and that they called security, who then escorted Garnier out of the building.  Dr. Gonzales said Fenway could no longer provide medical services to Garnier because he would not sign an agreement to abide by Fenway's policies, including acceptable behavior.

Garnier claims that his mental health deteriorated because he was no longer able to see his regular PCP or psychiatrist, and he tried to commit suicide twice.  On November 15, 2018, the Boston Emergency Services Team arranged for the plaintiff's involuntary civil commitment.  Defendant Cataldo Ambulance Company (Cataldo) handled Garnier's transport to the hospital for his commitment. Garnier claims that while placing him in the ambulance Cataldo personnel dropped him three times, causing intense pain and further injury to his back.   Cataldo also took the plaintiff to a psychiatric ward rather than to a section of the hospital that could examine his back.

## Procedural Background

In February 2019 Garnier initiated suit in the Suffolk County Superior Court against Fenway, Dr. Gonzales, Cataldo, the Arbour Hospital (Arbour) (where he apparently received some in-patient psychiatric care), a supervisor at Arbour, Commonwealth Care Alliance (Commonwealth) (his health care insurance provider to whom he complained about Fenway), and a Commonwealth physician employee.

On April 24, 2019, the Superior Court dismissed the complaint as against the Arbour and Commonwealth defendants for failure to state a claim.  (D. 16).

On April 29, 2019, Garnier filed a notice of appeal regarding the dismissal of the Arbour defendants but there is no indication that this appeal was ever docketed.[1]

On May 31, 2019, Fenway and Dr. Gonzales removed the case to federal court based on the fact that Fenway was at all relevant times a program grantee under 42 U.S.C. § 254(B), and both defendants were public health service (PSH) employees under the Federally Supported Health Centers Assistance Act, 42 U.S.C. §§

---

[1] Under Massachusetts law, a trial court is not divested of jurisdiction over a case until an appeal is docketed. *See Newell v. Department of Mental Retardation*, 446 Mass. 286, 297 n. 26 (2006); *City of Lowell v. Massachusetts Comm'n Against Discrimination*, No. 07-P-356, 2007 WL 4097334, at *4 (Mass. App. Ct. Nov. 16, 2007).  At a status conference on January 17, 2020, it was reported that no party had received any notice or indication that an appeal had been docketed.  To the extent it matters, this court presumes that the state court action was properly removed.

233(G)-(N), and thus covered by the Federal Tort Claims Act, 28

U.S.C. §§ 1346(b), 2401(b), 2671-80.

On January 31, 2020, the court (without opposition)

substituted the United States of America as a party in place of

Fenway and Dr. Gonzales.   (D. 36).

**The Pending Motions**

As noted, 11 motions pend against this backdrop.

The plaintiff has filed seven of the motions, including: (1)

a motion to appoint counsel (D. 6); (2) a motion for leave to

oppose Commonwealth's prior dismissal from the state court action

(D. 17); (3) a motion for leave to oppose Arbour's prior dismissal

from the state court action (D. 18); (4) a motion for leave to add

documents and audio recordings supporting his claim against

Commonwealth (D. 19); (5) a motion for sanctions against Cataldo

and the Arbour defendants (D. 20); (6) a motion for leave to file

a reply to Arbour's opposition to his motion for sanctions (D.

24); and (7) a motion for leave to file an amended complaint adding

"new facts and claims related to the medical malpractice claim."

(D. 26).

Cataldo has filed (8) a motion to dismiss (D. 11); (9) a

motion to waive its obligations under Local Rule 7.1(a)(2) to

confer with the plaintiff before filing any pleadings (D. 12); and

(10) a motion for leave to file a corrected opposition to the

plaintiff's motion for sanctions (D. 33).

Finally, the government moves to dismiss the claim(s) against it for lack of jurisdiction (D. 26).

**Discussion**

As resolution of the government's motion may obviate the need to consider the remaining motions, the court considers that motion first.

Courts do not have jurisdiction over claims against the federal government unless the Government has expressly waived its immunity. *See United States v. Kubrick*, 444 U.S. 111, 117 (1979). When the Government waives sovereign immunity, "limitations and conditions upon which the Government consents to be sued must be strictly observed and exceptions thereto are not to be implied." *Soriano v. United States*, 352 U.S. 270, 276 (1957). The government notes, correctly, that the Federal Tort Claims Act (FTCA), 42 U.S.C. §§ 1346(b), 2401(b), 2671-80, provides the sole remedy for the plaintiff's tort claims against the government based on the conduct of Fenway or Dr. Gonzales. See 42 U.S.C. § 233(a).

Notably, there are statutory prerequisites to bringing a complaint under the FTCA, one of which is dispositive here. An administrative exhaustion requirement provides that a person may not bring a lawsuit against the United States unless he has "first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing." 28 U.S.C. § 2675(a). This exhaustion requirement is a jurisdictional

6

prerequisite and the failure to satisfy it means, simply, that the

plaintiff may not prosecute the claim and the court correspondingly

may not consider it.  *Redondo-Borges v. U.S. Dept. of Housing and*

*Urban Development,* 421 F.3d 1 (1st Cir. 2005); *Cotto v. United*

*States,* 993 F.2d 274, 280 (1st Cir. 2005).[2]

Here, Garnier does not allege anywhere in his complaint that

he exhausted his administrative remedies by presenting his tort

claim(s) to the appropriate agency.  Moreover, the government has

produced persuasive evidence that he has not; Meredith Torres, a

senior attorney in HHS's General Law Division, certified that she

searched and found no claim filed by Juan Garnier with the HHS

General Law Division, Claims and Employment Law Branch.  (D. 28-

1).  Given the absence of any allegation that the plaintiff has

satisfied this jurisdictional requirement, and the production of

evidence that he has not, it follows that the court lacks

jurisdiction to consider the plaintiff's claim(s) against the

government.  The claims against the government therefore should be

dismissed.  *See e.g., Green v. U.S. Postal Service*, 285 F. Supp.

413 (D. Mass. 2018) (FTCA case dismissed for lack of subject matter

---

[2] The court also notes for the plaintiff's edification that a second requirement provides that a person cannot sue under the FTCA unless he has presented an administrative claim for damages to the relevant administrative agency "within two years after such claim accrues."  28 U.S.C. § 2401(b). The failure to present a claim within the two-year period "forever bars[s]" the claim.  Id.

jurisdiction where plaintiff failed to exhaust administrative remedies).

And because removal and federal court jurisdiction were predicated solely on the United States being a party to the action, the dismissal of the United States would necessarily divest the court of federal subject matter jurisdiction over the remainder of the case.  Thus, assuming this court's recommendation is adopted and the United States is dismissed, there will be no legal basis to consider the remaining pending motions.  Those motions should accordingly be denied as moot and the case (against Cataldo as presently the only remaining defendant) should be remanded to the state court. 28 U.S.C. 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."); *see also, e.g.*, *Hernandez v. US Bank, N.A.*, 318 F.Supp.3d 558, 561 (D.R.I. 2018) (matter remanded to state court and pending motion denied as moot following finding that federal court jurisdiction was lacking); *Sloan v. Soul Circus, Inc.*, No. 15-01389 (RC), 2015 WL 9272838, at *4, (D.D.C. Dec. 18, 2015) (same); McReynolds v. University of N. Carolina, 1:92CV00128, 1995 U.S. Dist. LEXIS 10821, at *28 (M.D.N.C. July 30, 1995) (same).

## Conclusion

Accordingly, and for the foregoing reasons:

(1)   the United States' Motion to Dismiss the claim(s)
against it for lack of Jurisdiction (D. 27) should be
**GRANTED**.   The dismissal should be without prejudice,
however, and the plaintiff should be accorded leave to
refile upon timely exhaustion of any administrative
requirements;

(2)   the remaining pending motions should be **DENIED as moot**,
including:   (1) the plaintiff's motion to appoint
counsel (D. 6); (2) the plaintiff's motion for leave to
oppose Commonwealth's prior dismissal from the state
court action (D. 17); (3) the plaintiff's motion for
leave to oppose Arbour's prior dismissal from the state
court action (D. 18); (4) the plaintiff's motion for
leave to add documents and audio recordings supporting
his claim against Commonwealth (D. 19); (5) the
plaintiff's motion for sanctions against Cataldo and the
Arbour defendants (D. 20); (6) the plaintiff's motion
for leave to file a reply to Arbour's opposition to his
motion for sanctions (D. 24); (7) the plaintiff's motion
for leave to file an amended complaint (D. 26); (8)
Cataldo's motion to dismiss (D. 11); (9) Cataldo's
motion to waive its obligations under Local Rule

7.1(a)(2) to first confer with the plaintiff (D. 12);

and (10) Cataldo's motion for leave to file a corrected

opposition to the plaintiff's motion for sanctions (D.

33); and

(3)   the case should be **REMANDED** to the state court.[3]

/s/ Donald L. Cabell
DONALD L. CABELL, U.S.M.J.

DATED:   February 5, 2020

---

[3]  The parties are hereby advised that under the provisions of Federal Rule of Civil Procedure 72(b), any party who objects to this recommendation must file specific written objections thereto with the Clerk of this Court within 14 days of the party's receipt of this Report and Recommendation.  The written objections must specifically identify the portion of the proposed findings, recommendations, or report to which objection is made and the basis for such objections.  The parties are further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with Rule 72(b) will preclude further appellate review of the District Court's order based on this Report and Recommendation.  *See Keating v. Secretary of Health and Human Servs.*, 848 F.2d 271 (1st Cir. 1988); *United States v. Emiliano Valencia-Copete*, 792 F.2d 4 (1st Cir. 1986); *Scott v. Schweiker*, 702 F.2d 13, 14 (1st Cir. 1983); *United States v. Vega*, 678 F.2d 376, 378-379 (1st Cir. 1982); *Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603 (1st Cir. 1980); *United States v. Vega*, 678 F.2d 376 (1st Cir. 1982); *see also Thomas v. Arn*, 474 U.S. 140 (1985).